UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-68-RJC
(3:16-cr-326-RJC-DCK-1)

| CASSELL ANTHONY KUOH, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | ORDER |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court on Petitioner's *pro se* Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), and on the Government's Motion to Dismiss, (Doc. No. 5).

### I.   BACKGROUND

Petitioner pled guilty to a single count of conspiracy to commit wire fraud and, in a Judgment docketed on August 14, 2017, was sentenced to 87 months' imprisonment. (3:16-cv-326, Doc. No. 65). The Court informed Petitioner at the close of the sentencing hearing that "[a]ny Notice of Appeal must be filed within 14 days from the entry of judgment." (Id., Doc. No. 87 at 19). No notice of appeal was filed.

Petitioner filed his § 2255 Motion to Vacate on February 11, 2019, (Doc. No. 1), and an Amended § 2255 Motion to Vacate in March 2019, (Doc. No. 3). He argues that: (1) counsel was ineffective for failing to file a notice of appeal pursuant to Petitioner's request; (2) counsel was ineffective for failing to adequately prepare for sentencing; (3) counsel was ineffective for failing to identify and object to prosecutorial misconduct and breach of plea agreement; (4) and that the prosecutor breached the plea agreement by using the information provided by Petitioner to

1

formulate the 4-level leadership role enhancement both during the plea process and at sentencing.

Petitioner has filed an affidavit in support of § 2255 relief stating as follows:

> "[O]n August 3, 2017, I asked my attorneys, Samuel John Randall IV, and Rob Heroy to file an appeal challenging the enhancements adopted by the district court in this instant case;
>
> The attorneys both agreed that they will file the said appeal;
>
> Approximately three months after my sentence, I sent my fiancee (Gmasnoh Nyeplu) to the attorneys office to inquire regarding my appeal and the attorneys promised that they will file the appeal;
>
> On May 2018, I followed up with a letter to both attorneys, inquiring on the status of my appeal and other possible options about my case, and attorney Roy Heroy replied back stating that he is working on it;
>
> Attorney Samuel John Randall IV did not respond to any of my letters to him;
>
> My fiancee called the attorney's office on numerous occasions and they did not pick up the phone and she then visited the office and they were always not in the office;
>
> In August of 2018, I also called the office of Mr. Rob Heroy and I spoke with his secretary and she said she will pass on my message about my appeal to him, but I never heard from him;
>
> On January, 2019, I asked my fiancee to contact my attorneys regarding the status of my appeal and they told her that after their research of the case, they did not find any grounds for appeal;
>
> Then, I called the attorneys myself and nobody picked up the phone, that is when I realized that I am alone, thus, I filed the pro se motion.

(Doc. No. 3 at 13).

Petitioner argues that his § 2255 Motion to Vacate is timely pursuant to § 2255(f)(4) and that he is entitled to equitable tolling due to his exercise of due diligence and the existence of extraordinary circumstances.

The Government has filed a Motion to Dismiss, (Doc. No. 5), arguing that the § 2255 Motion to Vacate can be dismissed without a hearing because, even if Petitioner's claims are true, he has failed to show that his § 2255 Motion to Vacate was timely filed. Petitioner had until August 28, 2018 to file a § 2255 petition and the present motion was filed on February 11, 2019. Petitioner's assertion that he could only have discovered with due diligence that no appeal was filed in December 2018 when he discussed his appeal rights with library staff/law clerks, is without merit. The Court advised Petitioner at sentencing that a notice of appeal was due in 14 days and Petitioner said he understood. Petitioner says he sent his fiancee to investigate three months after sentencing and counsel told her they "will" file the appeal. That is when he discovered, at the latest, that he should inquire about the status of his appeal. He did not file until more than a year later. Petitioner could have obtained a docket sheet or contacted the Fourth Circuit about whether an appeal had been filed but he did not do so and thus did not exercise due diligence. Equitable tolling does not apply because Petitioner did not diligently pursue his rights. Petitioner should have used due diligence three-and-a-half months after sentencing when he learned an appeal had not been filed. Counsel's actions did not prevent Petitioner from timely filing a *pro se* § 2255 petition. The Government has filed affidavits from Petitioner's lawyers to the Motion to Dismiss. (Doc. No. 5-1); (Doc. No. 5-2).

Petitioner filed a Response, (Doc. No. 7), arguing among other things that he completed due diligence in December 2018 when he spoke to law clerks at the prison library about the appellate process.

**STANDARD OF REVIEW**

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## II. DISCUSSION

**(1) Limitations**

A one-year statute of limitation applies to motions to vacate under § 2255, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

An otherwise time-barred petitioner is entitled to equitable tolling in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party." Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)); United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000)("§ 2255's limitation period is subject to equitable modifications such as tolling."). Equitable tolling of petitions for collateral review is available only when the petitioner demonstrates "(1) the has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S 631, 649 (2010); see Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements."). The second prong of the equitable tolling test is met "only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." Menominee Indian Tribe of Wis. v. United States, 136 S.Ct. 750, 756 (2016). Under the Fourth Circuit's precedent, equitable tolling is appropriate in those "rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitations period against the party and gross injustice would result." Whiteside v. United States, 775 F.3d 180, 184 (4th Cir. 2014) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (*en banc*)) (citations omitted).

Petitioner's conviction and sentence became final on August 28, 2017, when the period for filing a notice of appeal expired. See Fed. R. App. P. 4(b)(1), (b)(6); United States v. Osborne, 452 Fed. Appx. 294, 295-96 (4th Cir. 2011). The one-year period for filing a § 2255 petition expired a year later on August 28, 2018. The parties agree that Petitioner filed the § 2255 Motion to Vacate on February 4, 2019. This was more than five months late.

5

Petitioner contends that his § 2255 Motion to Vacate was timely pursuant to § 2255(f)(4) because he concluded, after speaking to law clerks at the law library in December 2018, that counsel had not taken any action regarding his appeal.

Petitioner knew that the window to file a notice of appeal was 14 days after entry of the judgment. He learned approximately three months after sentencing (around November 2017), when counsel told Petitioner's fiancee that "they will file the appeal," that no appeal had been filed within the 14-day window. (Doc. No. 3 at 13). At that point, Plaintiff had time to inquire with the District Court and/or Fourth Circuit as to the status of his supposed appeal and timely file § 2255 petition alleging ineffective assistance of counsel for failing to file a notice of appeal. Instead, he waited until more than five months after the one-year statute of limitations expired before filing his § 2255 Motion to Vacate.

Section 2255(f)(4) does not render any relief because Petitioner waited more than a year after discovering that counsel had not filed an appeal in November 2017, before filing his § 2255 motion to Vacate in February 2019. Nor has he shown that he exercised due diligence and that extraordinary circumstances existed that would warrant equitable tolling. For all the foregoing reasons, the instant § 2255 Motion to Vacate is time-barred, no exception applies, and this petition is dismissed with prejudice.

### III. CONCLUSION

For the foregoing reasons, the Government's Motion to Dismiss is granted and Petitioner's § 2255 Motion to Vacate is dismissed with prejudice as time-barred.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DISMISSED** with prejudice.

2. Respondent's Motion to Dismiss, (Doc. No. 5), is **GRANTED**.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: February 6, 2020

_____
Robert J. Conrad, Jr.
United States District Judge